UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Kendell Craigg §
*Plaintiff* §
§
v. §
§

CASE NUMBER:

**1 :2 4 -CV- 0 0 8 8**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 0 5 2024

KEVIN P. WEIMER, Clerk
By_____ Clerk

Bank of America Corporation
Kovo Credit Inc.
Austin Capital Bank SSB

*Defendant(s)*

**DEMAND FOR TRIAL BY JURY**

Plaintiff Kendell Craigg as and for his Complaint respectfully alleges:

## INTRODUCTION

1. This is a civil action for actual and statutory damages, litigation costs and fees for violations of Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

## VENUE

3. Defendants transact business is this judicial district.

4. A substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Kendell Craigg is a natural person and a "consumer" as defined in 15 U.S.C. § 1681a (b) and (c).

8. Defendant Bank Of America Corporation ("BOA") is a national banking association doing business as "BOA" and may be served at its registered agent at:
CT Corporation System 289 S Culver St, Lawrenceville, Ga, 30046.

9. Defendant Kovo Credit Inc. is a for profit corporation and may be served at its registered agent at:
Northwest Registered Agent Service Inc. 8735 Dunwoody Place Ste N, Atlanta, Ga, 30350.

10. Defendant Austin Capital Bank SSB ("ACB") is a Texas limited liability corporation whose principal place of business is located at:
2601 North Lamar Blvd Suite 201, Austin, Tx, 78705.

11. Defendants are "furnishers of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 et seq.

### FACTS

12. On or about June 06, 2023, Plaintiff applied for and was denied a residential mortgage loan and, thereafter, obtained a copy of her consumer report, also known as a credit report, and discovered incomplete and inaccurate and false information furnished by Defendants.

13. On his credit report, Plaintiff noticed a trade line from Defendant BOA with account number 440066XXXXXXXXXX.

14. On his credit report, Plaintiff noticed a trade line from Defendant Kovo Credit Inc. with account number DXXXX.

15. On his credit report, Plaintiff noticed a trade line from Defendant ACB with account number 800071XXXX.

16. On or about July 13, 2023, Plaintiff mailed a dispute letter to Trans Union LLC ("TransUnion"), Equifax Information Services LLC ("Equifax") and Experian

Information Solutions, LLC ("Experian") to dispute the accuracy and completeness of the information furnished by Defendant.

17. Receipt of Plaintiff's dispute letter triggered the CRA's duty under 15 U.S.C. § 1681i(a)(2).

18. The trade line information furnished by Defendants to consumer reporting agencies on Plaintiff's credit report is false, inaccurate and unverifiable.

19. On or about September 2023, Plantiff received re-investigation results from Trans Union and Expuifax where Defendants Kovo Credit Inc and Austin Capital Bank SSB verified the false information and failed to notate that the trade line information was being disputed.

20. Also on or about September 2023, Plaintiff received re-investigation results from Equifax TransUnion and Experian, where Equifax and Experian verified the false information being furnished by BOA.

21. Plaintiff alleges that a "CO" or charge off is a one-time event, and a single debt cannot be charged off repeatedly.

22. Experian states that a "'Charge Off' means that the credit grantor wrote your account off of their receivables as a loss, and it is closed to future charges." A credit grantor is not allowed to write off a single debt twice as that would be afoul of the Internal Revenue Service. It is technically inaccurate to report a "charge off" every month, because the data furnisher cannot write an account off on their receivables on a continues basis. *See* https://www.experian.com/blogs/ask-experian/what-does-charge-off-mean/.

23. Once a debt is charged off, the payment history of that debt cannot be updated on a monthly basis to "continue to reflect the charge off". This type of reporting cannot be acceptable under the FCRA as, in addition to being patently incorrect, the repeated charge offs compound the derogatory impact as seen by the tally of the total number of charge offs on a given account which is listed in the account summary.

24. Plaintiff alleges that Defendants are familiar with credit reporting industry standards and subscribes thereto.

25. Plaintiff alleges that Defendants understands that deviation from credit reporting industry standards can, and often does, result in the denial of credit, higher interest rates, and prompts a negative inference that would not be drawn if the data were reported in accordance with the recognized industry standard.

26. Plaintiff alleges that all of Defendant's actions alleged herein were committed knowingly, intentionally, and in reckless disregard for credit reporting industry standards to purposefully undermine Plaintiff's ability to repair her FICO Score.

27. In the alternative, Plaintiff alleges that Defendant's actions were the result of reckless policies and procedures that inevitably led to inaccurate, misleading, or incomplete credit reporting.

## FIRST CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(A)
### (Bank of America)

28. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 27 above.

29. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A). BOA continued to report one of Plaintiff's account, 440066XXXXXXXXXX to Experian, TransUnion, Equifax with a "CO" for charge off for each month from July of 2018 through June of 2023. This payment history is inaccurate as a debt can only be charged off one time and not recurring on a monthly basis.

30. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

31. Defendant's conduct was negligent and/or willful.

32. Plaintiff is entitled to actual damages, punitive damages, and litigation costs pursuant to 15 U.S.C. § 1681n.

33. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(B)
### (Bank of America)

34. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 33 above.

35. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian and TransUnion and to notate the disputed information as disputed.

36. Defendant caused injury in fact to Plaintiff, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

37. If BOA reviewed such standards BOA would have seen that its reporting was not in compliance and was therefore patently inaccurate or incomplete.

38. Defendant's conduct was negligent and/or willful.

39. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.

40. Alternatively, Plaintiff is entitled to recover actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## THIRD CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(C)
### (Kovo Credit Inc)

41. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 40 above.

42. Defendant Kovo Credit Inc. violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to consider all relevant information forwarded to them by the consumer reporting

agencies, including Equifax, Experian and TransUnion and failed to notate the disputed information as disputed. Defendant caused injury in fact to Plaintiff, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

43. Defendant's conduct was negligent and/or willful.

44. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.

45. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## FOURTH CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(D)
### (Kovo Credit Inc)

46. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 45 above.

47. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report to consumer reporting agencies that the trade line information was being disputed by Plaintiff.

48. Defendant's conduct caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

49. Defendant's conduct was negligent and/or willful.

50. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.

51. Alternatively, Plaintiff is entitled to recover actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## FIFTH CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(E)
### (Austin Capital Bank SSB)

52. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 51 above.

53. Defendant Austin Capital Bank SSB violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian and TransUnion and failed to notate the disputed information as disputed. Defendant caused injury in fact to Plaintiff, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

54. Defendant's conduct was negligent and/or willful.

55. Plaintiff is entitled to actual damages, punitive damages, and litigation costs pursuant to 15 U.S.C. § 1681n.

56. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## SIXTH CLAIM FOR RELIEF 15 U.S.C. § 1681s-2(b)(1)(B)
### (Austin Capital Bank SSB)

57. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 56 above.

58. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report to consumer reporting agencies that the trade line information was being disputed by Plaintiff.

59. Defendants caused injury in fact to Plaintiff, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

60. If Austin Capital Bank SSB reviewed such standards Austin Capital Bank SSB would have seen that its reporting was not in compliance and was therefore patently inaccurate or incomplete.

61. Defendant's conduct was negligent and/or willful.

62. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.

63. Alternatively, Plaintiff is entitled to recover actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.


## JURY DEMAND AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

> A. Statutory and Actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;
>
> B. Costs and expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;
>
> C. For such other and further relief as the Court may deem just and proper.


Respectfully submitted,

s/ *Kendell Craigg*
**Plaintiff** *pro se*
1908 Paperbirch Cove
Grayson,Ga,30017
craiggkendell@gmail.com
(929) 497-3548

January 3, 2024